**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

INTERNATIONAL COLLEGE OF BUSINESS
AND TECHNOLOGY, INC.

    Plaintiff

        v.

MONTANO, PABON & ASSOCIATES, INC.
D/B/A NOUVELLE INSTITUTE

    Defendant.

Civ. No.05-1879(PG)

**ORDER**

    On this day the Court held a Status Conference at which only counsel for defendant appeared. The Court has revisited the file of this case and notes the following chronology of events: this case was filed on August 16, 2005. In January of 2006, the Court ordered plaintiff to show cause why the case should not be dismissed for lack of prosecution. The Court warned plaintiff that it had to diligently litigate its case or face sanctions. (See Docket No. 8.) On August 18, 2006, the Court held a Status Conference in which it ordered the parties to file by August 25, 2006 a Joint Proposed Discovery timetable. No further action has been taken by the parties after August 2006. Plaintiff has failed to move the case forward and the Court has not been informed of any other action taken in over six months. The initial complaint was filed more than a year ago, and Plaintiff has failed to move past the initial stage of the process.

    The Court has a responsibility of achieving "the orderly and expeditious disposition of cases." Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962). Federal Rule of Civil Procedure 41(b) states in pertinent part: "Involuntary Dismissal: Effect Thereof: For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against the defendant." Fed.R.Civ.P. 41(b).  Plaintiff's willful abandonment of his claim has created undue delay not only as to the defendant in this case, but also for this Court's already congested docket.

    Pursuant to this "court's... unquestionable authority to dismiss a case with prejudice for want of prosecution in order to prevent undue

delay in the disposition of pending cases, docket congestion and the possibility of harassment of defendant," the Court dismisses this case against the defendant with prejudice. <u>Jardines Ltd. Partnership v. Executive Homesearch Realty Serv. Inc.</u>, 178 F.R.D. 365 (D.P.R. 1998); <u>see also</u> <u>HMG Property Investors, Inc. v. Parque Industrial Rio Canas, Inc</u>., 847 F.2d 908, 918 (1st Cir. 1998) ("where a non-compliant litigant has manifested a disregard for orders of the court and been suitably forewarned of the consequences of continued intransigence a trial judge need not first exhaust milder sanctions before resorting to dismissal [with prejudice]"). Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, February 7, 2007.

S/JUAN M. PEREZ-GIMENEZ
U.S. District Judge